IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

EAST PONCE VILLAGES,      :

      :

    Plaintiff,      :

      :

v.      :      Civil Action No.

      :      1:26-CV-02175-MHC-AWH

AMBER JOHNSON and all others,    :

      :

    Defendants.      :

## ORDER and FINAL REPORT AND RECOMMENDATION

Defendant Amber Johnson, who is proceeding *pro se*, seeks leave to remove to this Court a dispossessory action filed by Plaintiff in the Magistrate Court of DeKalb County, see Doc. 1-1 at 6, without prepayment of fees or security pursuant to 28 U.S.C. § 1915(a). The Court **GRANTS** Defendant's request to proceed *in forma pauperis* solely for the limited purpose of determining whether this action has been properly removed to this Court. For the reasons discussed below, the undersigned finds that this Court lacks subject matter jurisdiction over this action, and therefore, it is **RECOMMENDED** that the case be **REMANDED** to the Magistrate Court of DeKalb County.

## Discussion

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have

1

original jurisdiction, may be removed by the defendant . . . , to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "Subject matter jurisdiction in a federal court may be based upon federal question jurisdiction or diversity jurisdiction." Walker v. Sun Trust Bank of Thomasville, Ga., 363 F. App'x 11, 15 (11th Cir. 2010) (citing 28 U.S.C. §§ 1331, 1332). "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant. Absent diversity of citizenship [pursuant to 28 U.S.C. § 1332], federal-question jurisdiction [pursuant to 28 U.S.C. § 1331] is required." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987).

"When determining subject-matter jurisdiction, a court must construe the removal statute narrowly and resolve any uncertainties in favor of remand." Ashley v. Bank of Am., N.A., No. 1:11-CV-3762-RWS, 2012 U.S. Dist. LEXIS 86793, at *4 (N.D. Ga. June 21, 2012) (citing Burns v. Windsor Ins., 31 F.3d 1092, 1095 (11th Cir. 1994)). "Further, the party seeking removal bears the burden of establishing federal jurisdiction." Id.; see also Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1281 n.5 (11th Cir. 2001) ("[I]n removal cases, the burden is on the

2

party who sought removal to demonstrate that federal jurisdiction exists."). In this case, Defendant asserts that federal question jurisdiction exists. See Doc. 1-2 at 1.

"The well-pleaded complaint rule has long governed whether a case 'arises under' federal law for purposes of § 1331," and that rule "governs whether a case is removable from state to federal court pursuant to 28 U.S.C. § 1441(a) . . . ." Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 830 & n.2 (2002). The well-pleaded complaint rule "provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar, Inc., 482 U.S. at 392. Defenses or potential defenses, even those arising under federal laws or the United States Constitution, are ignored in determining whether a federal question has been raised by the plaintiff's complaint. See Ben. Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003) ("To determine whether the claim arises under federal law, we examine the 'well pleaded' allegations of the complaint and ignore potential defenses . . . ."); Pan Am. Petroleum Corp. v. Superior Court of Del., 366 U.S. 656, 663 (1961) (If the plaintiff does not raise a federal question in the complaint, "it is no substitute that the defendant is almost certain to raise a federal defense"); Bd. of Educ. of the City of Atlanta v. Am. Fed'n of State, County and Mun. Empls., 401 F. Supp. 687, 690 (N.D. Ga. 1975) ("Stated simply, a federal district court's original federal question jurisdiction must be posited upon the plaintiff's pleading of his own case, and not

3

by defendant's response or even plaintiff's anticipation of a federal element in that response.").

Here, Defendant has not shown that Plaintiff asserted any federal claims in this action or that a federal question is otherwise presented on the face of the complaint. Instead, the underlying action—in which Plaintiff seeks to dispossess Defendant from the subject premises—arises under state law. See Park at Galaway v. Elliott, No. 1:19-CV-05526-ELR-JFK, 2019 U.S. Dist. LEXIS 235262, at *4 (N.D. Ga. Dec. 9, 2019) (explaining that "[a] dispossessory action is brought pursuant to O.C.G.A. § 44-7-50," and "[n]o federal question is presented by Plaintiffs' dispossessory proceeding"), adopted by 2020 U.S. Dist. LEXIS 239166 (N.D. Ga. Jan. 6, 2020); CF Lane, LLC v. Bynum, No. 1:14-cv-2167-WSD, 2014 U.S. Dist. LEXIS 94076, at *4 (N.D. Ga. July 11, 2014) ("Plaintiff's Complaint is a dispossessory warrant which is based solely on state law."). Defendant has not shown that the original complaint contains a federal claim or presents a federal question or that this Court otherwise has subject matter jurisdiction over this action, so removal is improper. The undersigned therefore **RECOMMENDS** that this action be **REMANDED** to the Magistrate Court of DeKalb County.

The Clerk is **DIRECTED** to terminate the reference of this case to the undersigned Magistrate Judge.

*[signature on following page]*

4

**IT IS SO ORDERED, REPORTED and RECOMMENDED** this 23rd

day of <u>April</u>, 2026.

Anna W. Howard
United States Magistrate Judge